99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ronald K. SCHORPP, Plaintiff-Appellant,
Megan A. SCHORPP, et al., Plaintiffs,
v.
Robert PORTER, individually, and as an employee of the Lake
George Park Commission, et al., Defendants-Appellees.
LAKE GEORGE PARK COMMISSION, et al., Defendants.
 No. 95-7462.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 APPEARING FOR APPELLANT: Ronald K. Schorpp, pro se, Lake Luzerne, N.Y.
 APPEARING FOR APPELLEES: Dennis C. Vacco, N.Y. State Atty. Gen., Albany, N.Y.
 N.D.N.Y.
 AFFIRMED.
 Present: NEWMAN, Chief Judge. OAKES, CABRANES, and Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by appellant pro se, and submitted by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Ronald K. Schorpp appeals pro se from the December 27, 1994, judgment dismissing his suit filed under 42 U.S.C. § 1983 against officers of the Lake George Park Commission, a local police officer, the Commission, and the Town of Bolton. He also appeals the denial of a Rule 60(b) motion that he filed to vacate the judgment.
 
 
 4
 Schorpp was stopped while operating a motorboat on Lake George because his son was "bowriding," sitting astride the bow. One Commission officer issued a summons and a second officer arrested Schorpp for reckless operation, in violation of N.Y. Nav. Law § 45(1)(a). Schorpp was ultimately acquitted at a state court trial.
 
 
 5
 The officers plainly had probable cause to believe that operating a motor boat with a person sitting astride the bow, risking interference with the boat operator's view of boats or people in front of him, was reckless operation under state law. The existence of probable cause is a complete defense to all of Schorpp's claims.